EMPIRE CREAM SEPARATOR CO., Appellant, v. BAIR, FERRELL & Co., et al., Appellees.

EVIDENCE: Parol as Affecting Writing—Past Transactions. A
1     written contract dealing with future transactions is no obstacle to the reception of oral evidence of a compromise entered into on the same day solely with reference to *past transactions* between the parties.

PRINCIPAL AND AGENT: Authority—Prima-Facie Showing.
2     The sufficiency of the evidence to show, in a prima-facie way, the authority of an agent to act for the principal, depends on the situation and relations of the parties. Evidence reviewed, and held to establish such prima-facie authority.

*Appeal from Hamilton District Court.*—E. M. McCALL, Judge.

FRIDAY, NOVEMBER 17, 1916.

REHEARING DENIED FRIDAY, JUNE 22, 1917.

ACTION on account for goods sold. The answer set up an affirmative defense of compromise and settlement. Ver-

dict and judgment for the defendants, and plaintiff appeals.
—*Affirmed.*

*Wesley Martin,* for appellant.

*O. J. Henderson,* for appellees.

EVANS, J.—The plaintiff had sold and
1. EVIDENCE: delivered to the defendant five cream sepa-
parol as affect-
ing writing: rators at agreed prices amounting to the
past transac-
tions. sum of $210. This fact was admitted by
the defendants. The defendant company
pleaded, however, that it had a claim against the plaintiff
for about $400 of commissions in prior transactions, and
that the plaintiff was disputing the validity of such claim;
that a compromise settlement was reached between the par-
ties, whereby the defendant company relinquished its claim
for the commissions, and, in consideration therefor, the
plaintiff discharged its account against the defendants now
sued on. It appears that the plaintiff is a manufacturer,
and the defendants were dealers handling their goods. The
five separators were received by the defendants in pursu-
ance of a certain written contract of agency under which
the parties operated for a time, and which was later can-
celed. At the time of the alleged compromise, the parties
were contemplating entering into a new written contract
of agency. They did enter into such new written contract
on October 18, 1913. This is the date claimed by the de-
fendants as that of the compromise. The evidence on be-
half of the defendants in support of the alleged compro-
mise is undisputed.

Ten specific points are presented for our consideration
on this appeal. They are all based, however, upon two
general propositions, as follows:

(1) That the alleged contract of compromise was oral,
and that it preceded the making of the written contract of
October 18, 1913; that it was, therefore, merged therein,

and that parol evidence, therefore, should not have been received.

(2) That there was a fatal failure of proof of such compromise, in that there was no evidence that the alleged agent of the plaintiff who purported to make the compromise had any authority to make it.

1. The contract of October 18, 1913, was a contract of agency, whereby the defendants placed an order for 70 separators for the purpose of resale, upon certain terms therein specified. The subject-matter thereof was entirely distinct from the past transactions between the parties. The past accounts or existing controversies were not involved therein either by reference or implication.

There was no contradiction or inconsistency between such contract and the alleged oral compromise for settlement of past differences. The written contract, therefore, did not and could not have the effect to render inadmissible the parol evidence of the alleged compromise. There was an incidental relation between the two transactions. The fact that there was an acute dispute between the parties over the transactions of the previous agency would tend materially to deter them from entering into another contract of agency. The fact, therefore, that they did enter into one tends in some degree to corroborate the claim of the defendants that the past dispute was adjusted. We are not greatly impressed with the merits of the defendants' original claim for commissions. But there was a fair subject of compromise involved. The oral evidence introduced by the defendants being undoubtedly admissible, and the same being undisputed by plaintiff, the question raised by the appellant at this point is not well taken.

2. PRINCIPAL AND AGENT: authority: prima-facie showing.

2. Was there any authority in the purported agent of the plaintiff to make the alleged compromise? Or rather, was there any evidence of such authority sufficient to sustain the finding? The defendants' place

of business was Webster City. The plaintiff was represented in the alleged compromise agreement by two purported agents, Geyer and Stowell. Geyer was a manager, with headquarters at Mason City. If we understand the record, the defendants were within his territory. Stowell was a manager from the home office. The written contract that was entered into the same day with the defendants was signed for the plaintiff by Geyer. It had a provision, however, that it would not become effective until approved by the home office. It was later approved at the home office. The particular person, however, who approved it in the home office for the plaintiff was Stowell, who was present in person when it was made. A corporation is necessarily represented by some individual in all its transactions. The facts here stated were quite sufficient to make at least a prima-facie case of authority in the purported agents of the corporation. The proof in that direction is further strengthened by another significant circumstance. Considerable correspondence followed between the defendants and the plaintiff through the home office. The defendants asserted the alleged compromise. The plaintiff denied that any compromise agreement had been made. At no time in such correspondence did the plaintiff deny the authority of the purported agents to make the compromise. This was a circumstance entitled to some weight. We think, therefore, that the authority of the purported agents was sufficiently proved.

The judgment of the trial court must, therefore, be—
*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.